UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICOH CORP., *et al.*, | : | |
|     Plaintiffs, | : | Civ. No. 02-5639 (GEB) |
| v. | : | |
| PITNEY BOWES INC., | : | **MEMORANDUM OPINION** |
|     Defendant. | : | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the Motion for Bill of Costs and Disbursements of Defendant Pitney Bowes, Inc. ("Pitney Bowes" or "Defendant"). The Court has reviewed all submissions to the Court and ruled on the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Pitney Bowes' motion is granted in part and denied in part.

**I.  BACKGROUND**

On November 26, 2002, Plaintiffs Ricoh Corp. and Ricoh Company, Ltd. (collectively, "Plaintiffs" or "Ricoh"), filed a Complaint in this Court alleging that Defendant Pitney Bowes infringed its patents numbers 5,544,289, 5,568,618, 5,537,554, 5,649,120 and 5,774,678 (the "Motoyama Patents"). In response, Pitney Bowes set forth the affirmative defense that the Motoyama patents were invalid on the grounds of anticipation and obviousness. A jury trial was held in this matter from October 31 to November 30, 2006. The jury found that Pitney Bowes infringed the Motoyama Patents, but found that those patents were invalid on the grounds of anticipation. Accordingly, the jury did not award Ricoh any of the compensatory or punitive damages it sought. On June 6, 2007, Pitney Bowes filed its Motion for a Bill of Costs and

Disbursements, seeking an award in the amount of $149,813.43.

## II.     DISCUSSION

### A.     Whether Pitney Bowes' Bill of Costs is Timely

Ricoh contends that Pitney Bowes' motion should be denied on the grounds that it is premature.  The timeliness of a motion for a bill of costs is governed by Local Civil Rule 54.1, which provides that:

> (a) Within 30 days after the entry of a judgment allowing costs, or *within 30 days of the filing of an order dispositive of the last of any time-filed post-trial motions, whether or not an appeal has been filed*, the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion . . . .

L. CIV. R. 54.1(a) (emphasis added).

In the case at bar, the Court ruled on both parties' post-trial motions in a decision dated May 8, 2007.  Pitney Bowes' motion was filed on June 6, 2007, twenty-nine days later.  The Court therefore finds it to have been filed in a timely manner.  Ricoh's contention that "it would be premature to rule on Pitney Bowes' Bill of Costs before the Court of Appeals for the Federal Circuit has resolved this case on appeal" is simply inconsistent with the plain language of the rule.  Pl. Opp'n at 3-4.

### B.     Whether Pitney Bowes is Entitled to Taxation of Costs

#### 1.     Prevailing party

Under Federal Rule of Civil Procedure 54(d)(1),

> [e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

2

FED. R. CIV. P. 54(d)(1).

Ricoh contends that in the event "the Court decides to address Pitney Bowes' Bill of Costs . . . , the Court should apportion costs among the issues that the jury actually reached and decided in Ricoh's favor [i.e. infringement and willfulness] and the one issue the jury decided and reached in Pitney Bowes' favor [invalidity]." Pl. Opp'n at 4. Ricoh, citing to this Court's decision in *Johnson v. Orr*, 739 F. Supp. 945, 948 (D.N.J. 1988), concludes that it should not be compelled to compensate Pitney Bowes for expenses incurred in connection with the issues upon which Ricoh claims to have prevailed.

The Court finds Ricoh's argument unpersuasive. Plaintiffs in *Johnson v. Orr* put forth three claims – a Bivens claim, a Section 1983 claim, and a claim under the Administrative Procedure Act – but prevailed on only one of them. This Court ruled that the Magistrate Judge had correctly limited Plaintiff's recovery for litigation costs to costs incurred in connection with the claim under which it prevailed. *Id.* ("Plaintiffs were only entitled to recover attorney fees and costs incurred on their successful APA claim.").

In the case at bar, however, the Court finds that invalidity should properly be viewed as an affirmative defense to an infringement claim (whether willful or not), rather than a separate, independent claim. The Federal Circuit has held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996), *quoting Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). The jury's finding that Plaintiff's patents had been infringed did not alter the legal relationship with Pitney Bowes, as Pitney Bowes was not forced to modify its behavior in

3

light of the finding of anticipation. Pitney Bowes must therefore be deemed the prevailing party in this matter under Rule 54. *See Manildra*, at 1183 ("a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'"). Ricoh's request for apportionment of costs "among the issues on which Ricoh prevailed at trial, and the issue on which Pitney Bowes prevailed at trial" is denied. Pl. Opp'n at 4.[1]

        3.      Mr. Siveyer's Trial Witness Costs

Ricoh contends that it should not be compelled to reimburse Pitney Bowes for the cost of having Mr. Ian Siveyer attend the entire trial, on the grounds that Mr. Siveyer only testified for two days (November 14 and 15, 2006) and was, according to Pitney Bowes, "present as the corporate representative throughout the entire trial." Pl. Opp'n at 7, *quoting* Crosby Lehmann Affidavit ("Lehmann Aff.") at 9. Pitney Bowes, however, responds that Mr. Siveyer had to attend the entirety of the trial as "it was impossible to know when [he] would take the stand, how long he would testify for, and if he would be called in Pitney Bowes' rebuttal case." Def. Reply at 5-6.

The Court finds Pitney Bowes' argument unconvincing. "The Supreme Court bifurcated the [Rule 54(d)] inquiry by separating eligibility for fees, based on meeting the definition of 'prevailing party,' from the discretionary decision to actually award fees." *Manildra*, 76 F.3d at 1182. Whether Pitney Bowes is eligible for fees relating to the cost of having Mr. Siveyer present during the entire trial is debatable, particularly in light of Pitney Bowes' apparent

---

[1] Similarly, Ricoh's request that it be spared taxation of costs relating to the issue of damages, on the grounds that the jury never reached that issue, is unavailing. *See* Pl. Opp'n at 6. The Court will not read an artificial distinction between the issue of infringement and the issue of damages resulting from that infringement.

admission that he was present merely as a corporate representative – i.e. a party. *See* L. Civ. R. 54.1(g)(3) ("Witness fees shall not be allowed to parties to an action, but officers and employees of a party shall not be considered bo be parties solely because of such relationship."). The Court need not resolve that issue, however, as even if said costs were eligible for taxation, the Court would exercise its discretion to deny their taxation.

### 4.     Pitney Bowes' Translation Costs

Ricoh contends that Pitney Bowes is not entitled to reimbursement for the cost of translating documents PTX 292-294, 661 and 766, on the grounds that Ricoh had already paid for the translation of those exhibits. Pl. Opp'n at 9. Pitney Bowes, however, contends that it "necessarily incurred" the cost of translating those documents again "to confirm the accuracy and authenticity of Ricoh's translations." Def. Reply at 6. Since the "Court retains the discretion to deny costs in an appropriate case," L Civ. R. 54.1, cmt. 2, and since Pitney Bowes could reasonably have relied on the translation provided under oath by Ricoh's translator, the Court will deny the taxation of the cost of translating PTX 292-294, 661 and 766.

### 5.     Pitney Bowes' Process Service Fees

Local Civil Rule 54.1(g)(1) provides that "[t]he fees of witnesses for actual and proper attendance shall be allowed, whether such attendance was voluntary or procured by subpoena. The rates for witness fees, mileage and subsistence are fixed by statute (see 28 U.S.C. § 1821)." L. Civ. R. 54.1(g)(1). Ricoh argues that it should not be compelled to reimburse Pitney Bowes for the costs of serving process on Messrs. Shinoda and Tadokoro on the grounds that "process server fees are not a necessary expense," and on the grounds that Section 1821 "does not include process server fees among the rates it enumerates." Pl. Opp'n at 10.

The Court finds that process server fees are "actually and necessarily" incurred and should be reimbursed by Ricoh. The Court refuses to draw from the lack of process server fee in Section 1821 an inference that such costs are not taxable under Local Civil Rule 54.1, particularly in light of the clear language of the rule to that effect. Moreover, the Court notes that 28 U.S.C. § 1921 provides, in relevant part: "(a) (1) The United States marshals or deputy marshals shall routinely collect, *and a court may tax as costs*, fees for the following: . . . (B) Serving a subpoena or summons for a witness or appraiser." 28 U.S.C. § 1921.

### 6. Pitney Bowes' Trial Support Technician Fees

Ricoh submits to the Court that "Pitney Bowes is not entitled to recover expenses relating to the Stirewalt & Associates technical services provided at trial." Pl. Opp'n at 11. Indeed, Ricoh argues that "[n]either 28 U.S.C. § 1920 nor Local Civil Rule 54.1 provides for such costs as being taxable . . . ." *Id.* Comment 4 to Local Civil Rule 54.1 does provide, however, that expenses regarded as ordinary litigation expenses may be held recoverable "where essential to a large or complex case." L. Civ. R. 54.1, cmt. 4, *citing Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 256-57 (D.N.J. 2005) (holding that properly documented photocopying, scanning, postage, telephone and word-processing fees were reasonably incurred in the prosecution of complex litigation and thus reimbursable); *Yong Soon Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (same). Given the size and complexity of this matter, the Court finds that the hiring of a trial support team must be considered an ordinary litigation expense subject to taxation.

### 7. Pitney Bowes' Computer Legal Research Costs

Ricoh contends that Pitney Bowes should not be reimbursed for its computer-assisted

6

legal research on the grounds that "Pitney Bowes does not provide any information with respect to the subject of the Lexis and Westlaw research for which it seeks recovery, much less any evidence as to why this research was necessary." Pl. Opp'n at 11. The Court finds that a detailed description of the nature of the research performed by Pitney Bowes during the trial is not necessary. Under the rule, "[c]omputerized legal research costs, such as costs incurred for Westlaw and Lexis research, are generally regarded as compensable." L. Civ. R. 54, cmt. 4(i), *quoting United States v. Scheingold*, 293 F. Supp. 2d 447, 453 (D.N.J. 2003) ("This District has held that expenses such as electronic research . . . are reasonable litigation costs . . . ."); *In re Cendant Corp. Deriv. Action Litig.,* 232 F. Supp. 2d 327, 344 (D.N.J. 2002) ("Computer-assisted research is also essential to modern complex litigation."). Accordingly, the Court finds that Pitney Bowes is entitled to the taxation of costs incurred for legal research during the trial.

### III. CONCLUSION

For the foregoing reasons, the Court grants Pitney Bowes' Motion for a Bill of Costs and Disbursements, but denies Pitney Bowes request for compensation (i) for the cost of having Mr. Siveyer present at trial when his testimony was not required, and (ii) for the expenses it incurred in translating PTX 292-294, 661 and 766. An appropriate form of Order accompanies this Memorandum Opinion.

Dated: June 25, 2007

                                                           s/ Garrett E. Brown, Jr.
                                                    GARRETT E. BROWN, JR., U.S.D.J.